UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DIEDRE WYNN,

                         Plaintiff,      REPORT AND
                                        RECOMMENDATION
v.                                        96-CV-6307

WEGMANS FOOD MARKETS, et al.,

                         Defendants.
_____

## Preliminary Statement

Currently before the Court is a motion by pro se plaintiff, Diedre Wynn, to compel an enforcement of the settlement agreement and for sanctions (Docket #46) as well as defendants' cross-motion for sanctions (Docket #51). By Order of Judge David G. Larimer, dated November 1, 2006, these motions have been referred to me pursuant to 28 U.S.C. §636(b)(1)(A)-(B) for a Report and Recommendation. (Docket #47). The following is my Report and Recommendation as to the pending motions.

## Factual History

On July 3, 1996, plaintiff initiated this lawsuit alleging that she was unlawfully terminated from her employment at the Wegmans Federal Credit Union because of her race in violation of Title VII of the Civil Rights Act of 1964. After conducting some discovery, defendants filed a motion for summary judgment. Before responding to the motion, plaintiff sent a letter to the Court requesting a court-assisted mediation. (Docket #39). Accordingly, the parties engaged in settlement negotiations with the Court and the lawsuit was

settled for $10,000.00.  The settlement was placed on the record in open court on September 1, 1998 and the case was dismissed with prejudice, although Judge Larimer's Order noted that "if there is a material breach of the terms of settlement, either party, on notice, may move to vacate this dismissal order and restore the case to the calendar."  See Order dated September 4, 1998 (Docket #40) and Transcript of Settlement Proceedings (Docket #42).

As part of the settlement terms placed on the record, it was agreed that "as required by law, the defendants will deduct and withhold income taxes from the settlement amount, and it's [defendants'] understanding that the amount to be withheld will be twenty-eight percent for Federal income tax and approximately seven percent for State income taxes."  See Transcript at page 4.  Plaintiff executed a general release on October 15, 1998.  See Exhibit A to Plaintiff's Affidavit.

Notwithstanding this settlement agreement, the parties re-appeared before the Court in March 1999 regarding a dispute over the settlement.  That dispute was resolved on March 30, 1999 with defendants agreeing to issue a check for the settlement proceeds immediately.

Thereafter, on April 13, 1999, defendants issued a check made payable to plaintiff in the amount of $5,699.40, reflecting the $10,000.00 settlement, minus income tax withholdings.  See Affirmation of Steven G. Carling, Esq., Exhibit A.  Plaintiff declined to accept this check and states that she returned the check to defendants. According to defendants, in January 2000, they sent

2

plaintiff a W-2 which documented the taxes withheld from the check they issued. In 2003, at plaintiff's request, defendants re-issued the settlement check in the same amount, but plaintiff also declined to accept that check.

Although there has been no activity in this case involving the Court since 1999, it appears that the parties have continued to disagree over the settlement since that time, resulting in plaintiff filing the instant motion to compel and for sanctions. See Letters attached as Exhibits D through F to Plaintiff's Motion (Docket #46). Specifically, plaintiff states that she has not yet been paid the $10,000.00 settlement funds. Plaintiff further claims that defendants never provided her with a W-2 form setting forth the federal and state tax withholdings. Plaintiff also alleges that any such withholdings were improper because the settlement funds were not wages. Based on these allegations, plaintiff's motion to compel (which is essentially a motion to enforce the settlement) seeks an order directing payment of the $10,000.00 settlement. In addition, plaintiff claims that she is entitled to interest from April 1999 and she seeks the imposition of sanctions against defendants "for falsifying the W-2 wage tax statement and for violating the release agreement by not sending the proper tax deduction forms in 1999." See Plaintiff's Affidavit.

In response, defendants have filed a cross-motion for the imposition of sanctions against plaintiff. (Docket #51). Procedurally, defendants argue that this Court lacks jurisdiction over this case because it was dismissed with prejudice in 1998. As

3

to the merits, defendants state that they have twice presented plaintiff with a check for the net settlement amount, that they were required by law to withhold income taxes from the settlement proceeds because they were paid to resolve a dispute for back wages and that they provided plaintiff with the requisite W-2 forms. Defendants object to the payment of any interest citing their compliance with New York law and they seek the imposition of sanctions against plaintiff for bringing her motion which "has no basis in law or fact and is [only] intended to harass." See Defendants' Memorandum of Law at page 6.

## Discussion

1. <u>Ancillary Jurisdiction:</u>  It is well settled that federal courts retain ancillary enforcement jurisdiction over the settlement of lawsuits where the "parties' obligation to comply with the terms of the settlement agreement [was] made part of the order of dismissal" or where the terms of the settlement agreement were incorporated into the order. <u>Kokkonen v. Guardian Life Insurance Co. of Am.</u>, 511 U.S. 375, 381 (1994). In such circumstances, "a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." <u>Id.</u>; <u>see also</u> <u>Myers v. Richland County</u>, 429 F.3d 740, 745-47 (8th Cir. 2005)(where the district court specifically retained jurisdiction to enforce the settlement agreement it had ancillary enforcement jurisdiction over the breach of contract claim).

In this case, the terms of the settlement were placed on the

record in open court and the parties were advised that the Court would "retain jurisdiction of the case for the next two weeks simply to enforce any settlement." See Transcript at page 6. This sentiment was reiterated in Judge Larimer's Order of dismissal wherein he specifically stated that "if there is a material breach of the terms of settlement, either party, on notice, may move to vacate this dismissal order and restore the case to the calendar." See Order dated September 4, 1998 (Docket #40). Therefore, this Court has retained ancillary enforcement jurisdiction over this settlement.

  2.  Enforcement of the Settlement Agreement:  Under well established law in this Circuit, settlement agreements negotiated between litigants are considered no different than other contracts and thus must be interpreted according to general principles of contract law. Omega Engineering, Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005); Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999). When both parties have mutually assented to a contract and there is an intention to be bound, the settlement is binding notwithstanding a litigant's "change of heart" or the acquisition of "cold feet." Powell v. Omnicom, ___ F.3d ___, 2007 WL 2241494, *3 (2d Cir. Aug. 7, 2007). See also MacDonald v. Dragone Classic Motor Cars, 2003 WL 22056626, *6 (D. Conn. April 29, 2003)("once reached, a settlement agreement constitutes a contract that is binding and conclusive . . . even if a party has a change of heart"); Conway v. Brooklyn Gas Co., 236 F. Supp. 2d 241, 251

(E.D.N.Y. 2002)("Once a party agrees to the settlement terms, either orally or in writing, that party's later change of heart will not frustrate the agreement's enforceability.").

Here, not only did plaintiff verbally agree to the terms of the settlement in open court, she also signed a general release. For their part, defendants twice made an effort to finalize the settlement agreement by presenting plaintiff with a check. With these actions, both parties evidenced their intent to be bound by the agreement that was reached in open court. Moreover, the terms of the agreement as placed on the record specifically included the withholding of income taxes from plaintiff's settlement funds. At no time during the settlement negotiations was it suggested by any party that this or any term or promise needed further negotiation or clarification.

The record is also clear that there were no terms remaining to be negotiated after the settlement was placed on the record. Indeed, after defense counsel read the terms of the settlement into the record, the Court asked the parties if there was "anything else," but no one raised anything further. The Second Circuit recently reiterated that settlement terms announced and agreed to in a court proceeding are binding and enforceable "even if the agreement is never reduced to writing, signed or filed." Powell, ___ F.3d ___, 2007 WL 2241494 at *3 (internal quotation and citation omitted). "The settlement remains binding even if a party has a change of heart between the time he agreed to the settlement and the time those terms

6

are reduced to writing." Id. With regard to plaintiff's current demand for accrued interest, it is clear that there was nothing in the settlement agreement to suggest that plaintiff would be paid interest on the $10,000.00 she was to receive. Moreover, there is no basis in law to award interest to plaintiff since defendants issued the initial settlement check less than two weeks from the date of the settlement.

Finally, it is my Report and Recommendation that the cross-motions for sanctions be denied. While I sympathize with defendant's position that it continues to expend time and resources litigating an action it had deemed settled, I also recognize that plaintiff is representing herself and a full understanding as to the amount of the required deductions she agreed to as part of the settlement is not necessarily bad faith. That being said, there comes a point where plaintiff's persistent refusal to be bound by an in-court settlement should not be countenanced. Based on the current record, it is this Court's recommendation that defendants should issue one last check to plaintiff in the amount of $5,699.40 which plaintiff should be directed to cash or deposit within one week of receipt. Whether plaintiff's income situation entitles her to a refund of all or part of the withheld taxes is a personal issue that is her responsibility to resolve.

## Conclusion

For the reasons set forth above, it is this Court's report and recommendation that: (1) plaintiff's motion to enforce the settlement be **granted** insofar as she is bound by the in-court settlement requiring taxes be withheld from the settlement check; (2) plaintiff's requests to avoid any income tax withholdings and be awarded interest be **denied**; and (3) the parties' cross-motions for sanctions be **denied**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Date: September, 6 , 2007
      Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R. Civ.P. 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**SO ORDERED.**

_____
Jonathan W. Feldman
United States Magistrate Judge

Dated: September 6, 2007
Rochester, New York