UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DIEDRE WYNN,

                              Plaintiff,

                                                            DECISION AND ORDER

                                                            96-CV-6307L

                    v.

WEGMANS FOOD MARKET, INC., et al.,

                              Defendants.
_____


        This *pro se* action, which was commenced twelve years ago, has been settled for the sum of

$10,000.  It was first marked settled in 1998, ten years ago.  Plaintiff objected to certain sums

deducted from the settlement check -- federal and state withholding taxes -- and also requested

interest on the settlement. After conferences with United States Magistrate Judge Jonathan W.

Feldman, the case was again marked settled in 1999.

        Seven years later, in 2006, plaintiff filed a motion to compel seeking interest on the

settlement sum plus $5,000 as a "sanction" for defendants' alleged violation of state and federal

wage deduction laws.

        In response to a series of motions and cross-motions for sanctions, Magistrate Judge Feldman

issued a Report and Recommendation setting forth the history of the litigation, as well as his

recommendation that the motions should be denied.  The parties objected, and I rejected those

objections and adopted the Report and Recommendation on October 11, 2007.

On November 14, 2007, plaintiff filed a notice of appeal.  In an order filed February 22, 2008, familiarity with which is assumed, the Second Circuit dismissed the appeal as untimely, but remanded the case to the district court for certain determinations.

First of all, it is not at all clear that this Court has jurisdiction over the proceedings.  The action has been settled, several times, and the relief requested by plaintiff in many respects seeks new and different relief which, arguably, should be set forth in a separate action.  I need not reach that issue, though, because this case has been closed in the district court and the Second Circuit has dismissed the appeal.

Concerning the remand, I determine that the notice of appeal was untimely, it was not mailed sufficiently early for this Court to treat it either as a motion for an extension of time to file the appeal or a motion to reopen the time within which to file an appeal.  The notice of appeal was filed on November 14, 2007, several days past the time within which to timely file a notice of appeal.  The date on the notice of appeal is November 7, 2007.  The affidavit of service on the defendants, however, was sworn to on November 13, 2007, and it indicated that the notice of appeal was mailed to defense counsel on that same day, November 13, 2007.  There is no reason to believe that the notice of appeal to the Clerk's Office was mailed on November 7, 2007.  The reasonable inference is that the notice of appeal was mailed to the Court on November 13, 2007, the same date referenced in the affidavit of service on defendant's counsel.  The appeal is, therefore, untimely, and I see no basis to construe the appeal as a motion to extend time or to reopen the time to file an appeal.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
         July 10, 2008.